UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KHAREE CRISWELL, et al.

v.                                                                                    C.A. NO. 08-422 S

WAYNE T. SALISBURY, JR., et al.

REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Kharee Criswell, Arron T. Vaughn, and Gregory Saunders ("Plaintiffs"), *pro se*, prisoners at the Donald W. Wyatt Detention Facility ("Wyatt") in Central Falls, Rhode Island filed a complaint pursuant to 42 U.S.C. § 1983 ("§ 1983"), naming as defendants Wyatt Warden Wayne T. Salisbury, Jr.; Wyatt Program Administrator Jean Singleton; Administrative Captain Edward Johnson; and Wyatt Major F. Botelho (together, "Defendants") (the "Complaint") (Docket # 1). Plaintiffs were granted leave to proceed *in forma pauperis* (Docket # 3). Accordingly, pursuant to 28 U.S.C. § 1915(e)(2) ("1915(e)(2)"), I have screened the Complaint. As discussed below, having determined that the Complaint fails to state a claim upon which relief may be granted, I have prepared this Report and Recommendation recommending the Complaint be dismissed.

## BACKGROUND

### I. Allegations of Mail Obstruction

In the Complaint, Plaintiffs alleges various problems in connection with their receipt of mail at Wyatt, including denial of incoming religious mail on several occasions and, after filing grievances about the foregoing, denial or delay of incoming personal mail. Plaintiffs fail to describe any particular instances of the foregoing, noting that "[t]here were to [sic] many circumstances involving to [sic] many parties to list in this space", and stating that "exact dates and all defendants involved ... will be divulged to those concerned." Cmpt. at p. 3. Plaintiffs allege that the actions violated the Wyatt "Program Statement" and policies.

### II. Related Case

Subsequent to filing the instant action, Plaintiffs Criswell and Vaughn, along with two other plaintiffs, filed another related action in this Court (C.A. No. 09-207S, the "Second Case"). The Complaint in the Second Case set forth all of the allegations included in the instant

1

Complaint (in fact, a copy of the page of the instant Complaint setting forth the claims was included as one of two pages setting forth claims in the Second Case). The Second Case also included new related claims of further mail denial and delay as well as retaliation. The Second Case named two of the defendants named in the instant action (Warden Salisbury and Captain Johnson) as well as two mailroom officers. Defendants Singleton and Botelho were not named as defendants in the second action. Plaintiff Criswell was granted leave to proceed *in forma pauperis* in the second case, and was required to pay the $350 filing fee over time, as set forth in 28 U.S.C. § 1915(a). The three other plaintiffs, who never filed inmate account statements, were dismissed as plaintiffs in the Second Case.

Simultaneously herewith, I have issued a Report and Recommendation in the Second Case finding that the complaint in that case failed to state claims on which relief may be granted, and recommending that the complaint be dismissed unless plaintiff Criswell amends the complaint within 60 days to state a viable claim.

## DISCUSSION

### I. Screening Under § 1915(e)(2) and § 1915A

In connection with proceedings *in forma pauperis*, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines that the action, *inter alia*, fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Similarly, 28 U.S.C. § 1915A ("§ 1915A") directs courts to screen complaints filed by prisoners against a governmental entity, officer or employee and dismiss such claims for identical reasons. 28 U.S.C. § 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on a 12(b)(6) motion. *See Pelumi v. Landry*, No. 08-107, 2008 WL 2660968, at *2 (D.R.I., June 30, 2008). In making this determination, the Court must accept plaintiff's allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions or unverifiable conclusions. *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949-1950 (2009). Further, the Court must review pleadings of a *pro se* plaintiff liberally. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). A claim fails to state a claim for which relief may be granted if the factual allegations fail to "raise [plaintiff's] right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007); *see also Iqbal*, 129 S.Ct. at 1949-1951 (discussing the plausibility requirement); Fed.R.Civ.P. 8(a)(2).

## II. Legal Standard Under § 1983

In order to maintain a § 1983 action, the conduct complained of must have (i) been committed by a person acting under color of state law and (ii) deprived the plaintiff of a constitutional right or a federal statutory right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980). Here, Plaintiffs do not allege sufficient facts indicating that Defendants deprived them of a constitutional or federal statutory right.

## III. Review of Claims

Plaintiffs allege that their rights under the First and Fourteenth Amendments to the United States Constitution were violated. Plaintiffs appear to allege that the have been denied mail, or had their mail delayed, for potentially unconstitutional reasons: (i) based on its religious content, *see Cruz v. Beto*, 405 U.S. 319, 322 & n. 2, 292 S.Ct. 1079 (1972)(prisoners retain rights to free exercise of religion and prisons must provide inmates reasonable opportunities to exercise their religious freedom); *Shaheed-Muhammad v. Dipaolo*, 393 F.Supp.2d 80, 104 (D.Mass. 2005)(requiring prison officials to demonstrate that the confiscation of Islamic publication was related to legitimate penological interests); (ii) arbitrarily without justification, *see, e.g., Thornburgh v. Abbott*, 490 U.S. 401, 413, 109 S.Ct. 1874 (1989)(prison officials may impose a restriction on incoming mail provided that the restriction is reasonably related to a legitimate penological interest); and (iii) in retaliation for filing grievances, *see Hightower v. Vose*, 95 F.3d 1146, at *1 (1st Cir. 1996)(retaliatory action against a prisoner for exercising First Amendment rights, including filing prison grievance, is actionable under § 1983, even if the action, standing alone, would not violate the constitution); *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979).

Nonetheless, Plaintiffs' allegations here fail to provide sufficient facts to state claims on which relief may be granted. First, the Complaint does not describe any action by any Defendant, and, thus, fails to state how any Defendant caused the alleged improper denial or delay of Plaintiffs' mail. *See Educadores Puertorriqueños En Acción v. Hernández*, 367 F.3d 61, 68 (1st Cir. 2004)("[I]n a civil rights action ... the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why"). Further, although the Complaint stresses that the alleged mail denial and delays violated Wyatt policy, a violation of prison policy does not, in and of itself, constitute a constitutional violation. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996). Additionally, the Complaint fails to provide any factual allegations, other than bald assertions that any of the alleged delays or denials were in retaliation for

Plaintiffs' filing grievances. For example, the Complaint does not indicate that the delays and denial occurred only after the grievances were filed, the time frame between the two, any statements that might connect the two, or any differences between the mail they received and that received by fellow prisoners who had not filed grievances. *See Leonardo v. Moran*, 611 F.2d 397, 398 (1st Cir. 1979)(requiring facts to tie the exercise of plaintiff's constitutional rights to the alleged adverse actions to state a retaliation claim).

## CONCLUSION

Accordingly, as described above, Plaintiffs here have failed to allege sufficient facts to state cognizable claims against Defendants for violations of their rights under the First and Fourteenth Amendment. I therefore recommend that the Complaint be DISMISSED without prejudice.[1]

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (per curiam).

Jacob Hagopian
Senior United States Magistrate Judge
December 14, 2010

---

[1] In this case, unlike in the Second Case, I do not recommend that Plaintiffs be given a chance to amend prior to dismissal of the Complaint, because (i) the Plaintiffs were not required to pay the $350 filing fee when they were granted leave to proceed *in forma pauperis*; (ii) the Second Case incorporates all of the claims in this action and, to the extent two Defendants named here are not named in the Second Case, Plaintiff Criswell can seek to add them as defendants in the Second Case; and (iii) Plaintiffs Vaughn and Saunders, who have not signed any of filings in this action subsequent to the initial Complaint (including the motion to proceed *in forma pauperis*, a motion for summary judgment, and two correspondences with the court), do not appear to be pursuing their claims in this case, and, Plaintiff Criswell, as a *pro se* prisoner, is not permitted to legally represent or sign legal documents on behalf of other prisoners, *see Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982).

4